IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| And Cynthia Bell, | ) ) |
| Plaintiff Intervenor, | ) CIVIL ACTION NO. |
| v. | ) 08-CV- 02058 (NLS) |
| MURPHY FORD, INC., d/b/a MURPHY FORD LINCOLN MERCURY | ) ) ) ) |
| Defendant | ) |

## CONSENT DECREE

A.   This action was instituted by the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on March 13, 2008, against Murphy Ford, Inc. d/b/a Murphy Ford Lincoln Mercury, hereinafter, "Murphy Ford," to enforce provisions of Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). The Commission alleges that during their employment, Ms. Bell and a class of female employees were subjected to a sexually hostile work environment. The Commission further alleges that Murphy Ford retaliated against Ms. Bell because she complained about the unwelcome harassment by Murphy Ford's Manager, when it discharged Ms. Bell from her employment. Murphy Ford denies these allegations.

B.   This Consent Decree is entered into by and shall be final and binding between the EEOC and Murphy Ford, its directors and officers.

C.   The Commission and Murphy Ford agree to the entry of this Consent Decree, which shall fully and finally resolve all claims the EEOC raised in its Complaint in Civil Action

1

No. 08-CV-1235, consolidated in 08-CV-2058. This Consent Decree shall not constitute either an adjudication of or finding on the merits of the complaint and shall not be construed as an admission by Murphy Ford of any violation of Title VII.

<u>Findings</u>

D.   Having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the parties, the Court finds: (1) it has jurisdiction of the parties and subject matter jurisdiction of this action; and (2) the terms of this Decree are fair, reasonable, equitable and just, and adequately protect the rights of the parties, and the public interest.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

<u>Anti-Harassment and Non-Retaliation</u>

1.   Murphy Ford agrees that it will abide by its legal obligations and all applicable laws to provide a workplace free from sexual harassment in accordance with Title VII.

2.   Murphy Ford shall not engage in any employment practices which retaliate against any person, including but not limited to Cynthia Bell, Monica Bazis-Pitner, and Rebecca Rouse, because of their opposition to any practice made an unlawful employment practice under Title VII or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII.

3.   Murphy Ford shall not divulge, to any employer or potential employer of Cynthia Bell, Monica Bazis-Pitner, or Rebecca Rouse, the facts or circumstances set forth in the EEOC's complaint against Murphy Ford in this case or the participation of the aforementioned in the litigation of this action except as required by law. In response to a request for an employment

2

reference, Defendant shall provide only a confirmation of the claimants' titles, dates of employment and salaries.

4. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Murphy Ford under Title VII or the EEOC's authority to process or litigate any charge of discrimination now pending or filed in the future against Murphy Ford.

## Monetary Relief

5. Within 10 business days after the filing of this Consent Decree, Murphy Ford, through its insurer, agrees to pay monetary relief, including attorney's fees and costs in the amount of $206,500.00 to Cynthia Bell, in full settlement of Civil Action No.08-cv-2058, inclusive of all attorneys fees and costs associated with this litigation. The check will be made payable to Cynthia Bell and Edith A. Pearce, Esq., and mailed to 1601 Sansom Street, Suite 2C, Philadelphia, PA 19103 and a copy within five business days thereafter to the attention of Rachel M. Smith, Trial Attorney, EEOC, 801 Market Street, Suite 1300, Philadelphia, PA 19107. Late payment of the check will be subject to the accrual of interest on the unpaid amount, calculated pursuant to 28 U.S.C. § 1961.

Within 10 business days after the filing of this Consent Decree, Murphy Ford, through its insurer, agrees to pay monetary relief in the amount of $25,000.00 to Monica Bazis-Pitner, in full settlement of Civil Action No.08-cv-2058 . The check will be mailed to Ms. Pitner at 2132 Pershing Avenue, Morton, PA 19070 and a copy within five business days thereafter to the attention of Rachel M. Smith, Trial Attorney, EEOC, 801 Market Street, Suite 1300,

Philadelphia, PA 19107. Late payment of the check will be subject to the accrual of interest on the unpaid amount, calculated pursuant to 28 U.S.C. § 1961.

Within 10 business days after the filing of this Consent Decree, Murphy Ford, through its insurer, agrees to pay monetary relief in the amount of $ 12,500.00 to Rebecca Rouse, in full settlement of Civil Action No.08-cv-2058 . The check will be mailed to Ms. Rouse at 415 Corinthian Avenue, Apt. B, Essington, PA 19029 and a copy within five business days thereafter to the attention of Rachel M. Smith, Trial Attorney, EEOC, 801 Market Street, Suite 1300, Philadelphia, PA 19107. Late payment of the check will be subject to the accrual of interest on the unpaid amount, calculated pursuant to 28 U.S.C. § 1961.

### Anti-Harassment and Non-Retaliation Policies and Complaint Procedures

6.  Murphy Ford's policy against harassment and retaliation and complaint procedures shall be drafted in plain and simple language. Murphy Ford shall ensure that its policy or policies against discrimination, harassment, and related complaint procedures meet the following minimum criteria:

(a)  State that Murphy Ford: (i) prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to employees through acts such as physical/verbal abuse and derogatory comments based on sex, in violation of Title VII; (ii) prohibits retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in an investigation by the EEOC or a state or local governmental agency of a charge of discrimination under Title VII; and (iii) prohibits any act, policy or practice that has the effect of harassing or intimidating any employee on the basis of sex, in violation of Title VII;

(b) Includes a complaint procedure intended to encourage employees to come forward with complaints regarding violations of its policy or policies against discrimination, harassment and retaliation, which shall meet the following minimum criteria: (i) provide effective mechanism(s) for reporting incidents of discrimination, harassment and retaliation; (ii) provide that the complaints of discrimination, harassment and/or retaliation can be made either in writing or verbally; (iii) identify employees to whom an employee can make a complaint; and (iv) provide assurances that complainants shall not be subjected to retaliation;

(c) Provide for prompt investigation of complaints of harassment;

(d) Provide for prompt communication to the complaining party at the cessation of the investigation, as long as the complaining party is employed by Murphy Ford at that time and;

(e) Provide for discipline up to and including discharge of an employee or supervisor who violates Defendants' policy or policies against discrimination and/or harassment, and for increasingly severe discipline of repeat offenders.

7. Murphy Ford shall distribute to all of its employees and newly-hired employees, its policy or policies against discrimination, harassment and retaliation within 90 days after entry of this Consent Decree.

8. Within 90 days after entry of this Consent Decree, Murphy Ford's counsel shall advise Rachel M. Smith, Trial Attorney, EEOC's Philadelphia District Office, that its policy or policies against sexual harassment and retaliation have been distributed to current employees, including temporary employees, and will issue to new employees, these policies and an opportunity to acknowledge receipt. The distribution of the policies shall be to all employees working at Murphy Ford's Pennsylvania facilities. Murphy Ford will retain copies of any

acknowledgment of receipt form for an employee in both the employee's personnel file and in a centralized file.

## Training

9.  Murphy Ford shall provide training on the requirements of Title VII as follows:

(a)  Within 180 calendar days of the entry of the Consent Decree, Murphy Ford agrees to provide training sessions for all of its managers and supervisors, and employees responsible for responding to Title VII complaints made by employees of Murphy Ford at Murphy Ford's Pennsylvania facilities. Murphy Ford's counsel will advise the Commission of the identity and qualifications of the trainer, the date(s) of the expected training. The training: will include training on employee rights and employer obligations under both Title VII and relevant state or local sexual harassment and retaliation laws; will emphasize what constitutes unlawful harassment and retaliation in the workplace; discuss how to keep the company free from such discrimination; describe what constitutes unlawful retaliation and will summarize how to conduct a prompt and effective investigation into allegations, complaints or charges of sexual harassment;

(b)  Defendant shall first provide training in accordance with Paragraph 9(a) annually within calendar years 2009 and 2016.

10.  Murphy Ford agrees at its expense to provide the EEOC with copies of all pamphlets, brochures, outlines or other written materials provided to attendees of training sessions. Even though the EEOC has approved of a trainer to provide training for one year, it is not required to approve of or designate the same trainer for future training sessions.

11.  Murphy Ford shall retain on record the occurrence of the training sessions required by Paragraph 9 including: (i) the dates, location and duration of the training session; (ii)

a copy of the registry of attendance, including the name and position of each person in attendance; and (iii) a listing of all managers, supervisors, or human resource officials in attendance who are responsible for responding to Title VII complaints made against Murphy Ford as of the dates of each yearly training. Upon the EEOC's request, such information will be made available for inspection.

## Dispute Resolution

12. In the event either party to this Decree believes the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 20 days of the alleged non-compliance and afford the alleged non-complying party 20 business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 20 business days, the complaining party may apply to the Court for appropriate relief.

## Miscellaneous Provisions

13. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

14. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, and officers of Murphy Ford in their capacities as representatives, agents, directors and officers of Murphy Ford and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event any individual is found in contempt for a violation of this Decree.

15. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 8-CV-1235, consolidated in 08-CV-2058.

16. This Consent Decree shall be filed in the United States District Court for the Eastern District of Pennsylvania and shall continue in effect for seven (7) years. During this time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than 30 days' notice to the other party. Should any material disputes under this Decree remain unresolved after this seven year period, the terms of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all disputes have been resolved.

17. The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

For Plaintiff EEOC:

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____
Debra Lawrence
Acting Regional Attorney

For Defendant Murphy Ford

_____
Veronia W. Saltz, Esq.
Saltz Polisher, P.C.
993 Old Eagle School Road, Suite 412
Wayne, PA 19087
(610) 964-3333

_____
Judith A. O'Boyle
Supervisory Trial Attorney

_____
Rachel M. Smith
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19106
(215) 440-2642


By the Court: _____     Date: 2/25/09
               UNITED STATES DISTRICT JUDGE